PEOPLE ex rel. MARTHA E. ACTION *v.* MAYNARD T. CORKHILL.

Proceedings instituted by certiorari to compel the County Treasurer of the County of Seneca to issue a certificate under what is termed the Raines Law to Martha E. Action.

Daniel Moran, attorney for relator.

Samuel H. Salisbury, attorney for treasurer.

RICHARDSON, Co. J.  On the 28th day of September, 1896, Martha E. Action (the relator), applied to the treasurer of the county of Seneca for a liquor tax certificate; the application was refused and the relator herein obtained this writ of certiorari.

Upon the return of the writ properly served, the attorneys for the respective parties admit that said relator, Martha E. Action, is the owner of the building and premises in which she seeks to obtain a certificate to sell liquors, and that she occupied the same as a hotel and lawfully conducted the sale of liquors on said premises when said Raines Law took effect, and that said premises are situate within one-half mile of Willard State Hospital.

The office of a writ of certiorari is to correct errors; therefore, I can not consider said admissions even if they are pertinent to the subject at issue.

The return of the treasurer to the writ is quite lengthy, but the reasons therein assigned for refusing the certificate are, "I further certify and show to this court that from the statements made to me by the husband of the petitioner herein, the buildings and premises occupied by her in which she applied to carry on the business of trafficking in liquor was and is situated just across the road from the Willard Insane Hospital and therefore directly within the prohibition contained in subdivision 1 of section 24 of the Liquor Tax Law; that there are two or three other parties upon this same road and situate in the same manner as regards the said hospital, who applied for a certificate to sell liquor under subdivision 1, of section 11 of the Liquor Tax Law.  That in view of the importance of this question and of the fact of the uncertainty as to my duty under the law, and of the people, wards of the State, that would be affected by the adoption of the rule con-

tended for by the petitioner, I considered it my duty to decide as I have and so leave it until the legal question shall be settled by some decision of the court. I applied to and took counsel of several attorneys upon the question involved in this case and followed the advice given me in regard to the matter and should consider it an omission of my duty as a public officer to have followed any other course than the one pursued by me. Hereto annexed and marked "A" and "B" respectively, are copies of the statement of applicant with reasons for adverse decision attached and bond of applicant."

The reason for said adverse decision reads as follows:

"Office of M. T. Corkhill,             Seneca Falls, N. Y.
Seneca County Treasurer.              Sept. 28, 1896.

I hereby refuse to grant a liquor tax certificate to the within applicant because she is within the prohibition of subdivision 1 of section 24 of the Liquor Tax Law."

"M. T. Corkhill, County Treasurer."

Said treasurer has indorsed his approval on the bond accompanying said application, both as to its form and sufficiency of the sureties.

The said treasurer in his return to said writ admits in the following words:

"That the said Martha E. Action did on the 28th day of September, 1896, present to and leave with me a statement or application for a liquor tax certificate under the Liquor Tax Law in the form prescribed by law and did then and there tender me the sum of $58.33 and demand that I prepare and issue to her a liquor tax certificate."

Subdivision 1 of section 24 of the Liquor Tax Law, under which the said treasurer refuses to grant said certificate, reads as follows:

" Traffic in liquor shall not be permitted in any building owned by the public, or upon any premises established as a penal institution, protectory, industrial school, asylum, State hospital, or poor-house, and if such premises be situated in a town and outside the limits of an incorporated village or city, not within one-half mile of the premises so occupied, provided there be such distance of one-half mile between such premises and the nearest boundary line of such village or city."

From the admissions of the county treasurer as made by him in his return, I find that the said Martha E. Action, on the 28th day of September, 1896, filed with said county treasurer of Seneca county, N. Y., her verified application complying with all the provisions of section 17 of said Liquor Tax Law, and which application was correct in form; I also find that said relator duly filed in the office of said county treasurer the bond required by section 18 of said law, and that said bond was duly approved by said treasurer, both as to its form and the sufficiency of its sureties. I further find that said applicant tendered full pay for such certificate.

Section 19 of said Liquor Tax Law provides that when said sections 17 and 18 have been complied with the county treasurer *shall at once* prepare and issue to the person making such application and filing such bond and paying such tax, a liquor tax certificate in the form provided for in said act. This the said county treasurer refused to do because he had been advised not to do it, &c.

From the foregoing I hold that said treasurer had no discretionary power in the granting or refusal of such certificate; and I find from his return that said applicant complied with the provisions of said Liquor Tax Law and was entitled to a certificate, and the same was denied without good and valid reasons therefor; therefore, I do order the treasurer of the county of Seneca to grant such application and to issue a liquor tax certificate to such applicant upon the payment of the tax therefor.